**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

.................................................

**UNITED STATES OF AMERICA,**

**VS.**

**NICOSI JACK**

.................................................

**JUDGMENT INCLUDING** TIME A.M.
**SENTENCE**

NO.: **CR 03-982 (JG)**
USM# **61889-053**

| Scott Morville | Burt Sulzer | Eric Schlosser, Esq. |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

The defendant **Nicosi Jack** having pled guilty to count one indictment accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| **TITLE AND SECTION** | **NATURE OF OFFENSE** | **COUNT NUMBERS** |
|---|---|---|
| 21USC952(a),963 AND 960(b)(1)(A) | CONSPIRACY TO IMPORT HEROIN | ONE |

    The defendant is sentenced as provided in pages 2 through 4 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

**X**    The defendant is advised of his/her right to appeal within ten (10) days.

___    The defendant has been found not guilty on count(s) and discharged as to such count(s)

**X**    **Open counts are dismissed on the motion of the United States.**

___    The mandatory special assessment is included in the portion of Judgment that imposes a fine.

**X**    **It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.**

    It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

**OCTOBER 25, 2005**
Date of Imposition of sentence

/S/ HON. JOHN GLEESON

**JOHN GLEESON, U.S.D.J.**

Date of signature     10-28-05
A TRUE COPY ATTEST
DEPUTY CLERK

Vivian Kleen

DEFENDANT: **NICOSI JACK**
CASE NUMBER: **CR 04-982-01(JG)**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: **ONE YEAR AND ONE DAY.**

\_\_\_\_\_  The defendant is remanded to the custody of the United States Marshal.

\_\_\_\_  T he defendant shall surrender to the United States Marshal for this District.

**X**\_\_\_  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

           **X**\_\_\_ -12:00 noon.\_\_**1/6/06**_____ .

           \_ X     As notified by the United States Marshal.

           \_       As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____with a certified copy of this Judgment.

            _____
            United States Marshal

            **By:**_____

## <u>SUPERVISED RELEASE</u>

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **THREE (3) YEARS.**

**The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant is prohibited from possessing a firearm.

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

     _     The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

          IF DEPORTED THE DEFENDANT MAY NOT RE-ENTER THE UNITED STATES ILLEGALLY.

<u>**STANDARD CONDITIONS OF SUPERVISION**</u>

While the defendant is on probation or supervised release pursuant to this Judgment:

1)      The defendant shall not leave the judicial district without the permission of the court or probation officer;

2)      The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8)      The defendant shall support his or her dependents and meet other family responsibilities;

5)      The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6)      The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7)      The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8)      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)      The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)     The defendant  shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)     The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12)     The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.